UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**AT BECKLEY**

TERRY VANOVER,

      Plaintiff,

v.                                     CIVIL ACTION NO.  5:23-cv-00802

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, and
BODYSHOPBIDS, INC. *doing business as*
SNAPSHEET INC.,

      Defendants.

## <u>ORDER</u>

Pending are Defendants State Farm Mutual Automobile Insurance Company ("State Farm") and Bodyshopbirds, Inc.'s ("Bodyshopbirds") Motions to Dismiss [ECF 60, 62], filed August 30, 2024. On September 13, 2024, Plaintiff Terry Vanover responded in opposition to the Motions [ECF 65, 66], to which Defendants replied [ECF 68, 69].

State Farm seeks dismissal of Counts I, III, V, and VI of Mr. Vanover's Amended Complaint, which assert claims of common law bad faith, breach of contract, constructive fraud, and civil conspiracy. State Farm contends dismissal is warranted inasmuch as Mr. Vanover has failed to plausibly plead each claim. On these same grounds, Bodyshopbirds seeks dismissal of the claims asserted against it in Counts I, II, IV, V, and VI.

**I.**

*Federal Rule of Civil Procedure* 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The required "short and plain statement" must provide "fair notice

of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted); *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions." *Twombly*, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *McCleary-Evans*, 780 F.3d at 585; *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020), *cert. denied*, 209 L. Ed. 2d 122, 141 S. Ct. 1376 (2021); *Giarratano v. Johnson*, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not "forecast evidence sufficient to prove the elements of [a] claim," but it must "allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Est. Cos.*, 679 F.3d 278, 291 (4th Cir. 2012)) (internal quotation marks omitted). Stated another way, the operative pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In sum, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Robertson*, 679 F.3d at 288.

It is apparent from the briefings that Defendants have not demonstrated entitlement to judgment as a matter of law at this juncture. Accordingly, the Court **DENIES** the Motions [**ECF 60, 62**] subject to the contentions asserted therein being raised anew at summary judgment.

2

The Clerk is directed to transmit copies of this Order to all counsel of record and any unrepresented parties.

ENTER: January 24, 2025

Frank W. Volk
Chief United States District Judge