# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **TERRY VANOVER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 5:23-cv-00802** |
| | * | **Honorable Frank W. Volk** |
| **STATE FARM MUTUAL** | * | |
| **AUTOMOBILE INSURANCE** | * | |
| **COMPANY and** | * | |
| **BODYSHOPBIDS, INC.,** | * | |
| **d/b/a SNAPSHEET, INC.,** | * | |
| | * | |
| **Defendants.** | * | |

---

### RESPONSE IN OPPOSITION TO STATE FARM
### MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR
### PROTECTIVE ORDER PROHIBITING DEPOSITOIN OF KEVIN ROMAN

---

**NOW COMES** plaintiff Terry Vanover, by and through her undersigned counsel, and for her Response in Opposition to State Farm Mutual Automobile Insurance Company's Motion for Protective Order prohibiting the deposition of State Farm claim consultant Kevin Roman, the plaintiff states as follows:

[P]rotective orders "should be sparingly used and cautiously granted." *Baron Fin. Corp. v. Natanzon*, 240 F.R.D. 200, 202 (D.Md.2006) (quoting *Medlin v. Andrew*, 113 F.R.D. 650, 653 (M.D.N.C.1987)). A court's customary reluctance to constrain discovery is heightened in the case of a motion seeking to prevent the taking of a deposition. *Minter*, 258 F.R.D. at 125 (citing *Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431, 434 (M.D.N.C.2001))("By requesting the Court to prohibit plaintiff from deposing a witness, defendant ... assumes a heavy burden because protective orders which totally prohibit a deposition should be rarely granted absent extraordinary circumstances."). The reason for this is fundamental. Usually, the subject matter of a deposition is not well-defined in advance; thus, the need for prospective relief is more difficult to establish than in other methods of discovery. In addition, "a motion can be made if any need for protection emerges during the course of the examination;" therefore, a ruling prior to commencement of the deposition is not necessary to achieve a fair resolution. 8 Wright & Miller, Federal Practice and Procedure, § 2037 (3d Ed.). Consequently,

the burden to show good cause for an order prohibiting the taking of a deposition
is especially heavy. *Medlin*, 113 F.R.D. at 653; *Motsinger v. Flynt*, 119 F.R.D. 373,
378 (M.D.N.C.1988) ( "Absent a strong showing of good cause and extraordinary
circumstances, a court should not prohibit altogether the taking of a deposition.")

*Wood v. Harshbarger*, No. 3:13-CV-21079, 2014 WL 3056855, at *3 (S.D.W. Va. July 7, 2014).

Kevin Roman has first hand knowledge regarding the manner in which State Farm handles

auto claims for the West Virginia jurisdiction and that would include RV claims similar to plaintiff.

**Exhibit A**. Therefore his testimony is essential to plaintiff's ability to prove State Farm's general

business practice.  Insofar as the defendant has offered no proof by way of affidavit or evidence

regarding what Kevin Roman does at State Farm, neglected to so much as reference the relevant

deposition testimony at issue and offered nothing more than the unsubstantiated claims of counsel

regarding the harm caused by the requested deposition, the defendant's request for relief should

be **DENIED**.

I.      **The deposition of Kevin Roman is relevant to plaintiff's claim that State Farm
engaged in unfair claim settlement practices that rise to the level of a general
business practice.**

Plaintiff's Complaint alleges, *inter alia*, that State Farm violated the West Virginia's Unfair

Trade Practices Act ("UTPA") with such frequency as to constitute a general business practice.

*State ex rel. Allstate Ins. Co. v. Gaughan*, 640 S.E.2d 176, 181 n.6 (W. Va. 2006).  The deposition

of State Farm's claim consultant Kevin Roman is intended to elicit testimony regarding State

Farm's general business practice in relation to claims handling practices for comparable auto RV

claims in West Virginia.

In this case, the plaintiff has alleged that State Farm's use of Snapsheet's virtual/photo

estimation software program as a substitute for an in-person inspections amounts to a general

business practice of unfair claim settlement practices.  In light of the potential impact on claims

handling practices in West Virginia and across the country, the instant discovery request is modest in nature.

In that regard, the plaintiff's allegations are comparable to *Schultz v. Sentinel Insurance* where it was alleged that an insurer had company-wide culture of denying valid claims. No. 4:15-CV-04160-LLP, 2016 WL 3149686 at *7 (D.S.D. June 3, 2016). United States Magistrate Judge Veronica L. Duffy determined that the outcome of the *Schultz* litigation could have an impact on many victims of unscrupulous claims-handling practices. *Id*. Judge Duffy explained, "[a]s a practical matter, most insureds who are unfairly treated by Sentinel will not have the fortitude, motivation, or luck to be able to bring suit. If punitive damages are awarded, Ms. Schultz has the potential to affect Sentinel's alleged business practices and to remedy the situation for many insureds, not just herself." *Id*.

The importance of the issues at stake in the instant litigation has the potential to affect State Farm's business practices and to remedy the situation for many insureds, not just plaintiff Terry Vanover. Therefore, the importance of the issues at stake weigh in favor of allowing the proposed discovery deposition.

II.     **The 30(b)(6) deposition of State Farm is indisputable proof that Kevin Roman has discoverable information regarding State Farm's general business practice of handling claims similar to the plaintiff's claim.**

State Farm's 30(b)(6) witness Justin Platt testified that he met with State Farm's claim consultant Kevin Roman[1] to prepare for his deposition. **Exhibit A** at p. 22. State Farm's witness further testified that Mr. Roman is over auto claims for the West Virginia jurisdiction and that would include RV claims similar to Ms. Vanover. *Id*. at p. 25 lines 15-21 ("*Yeah. So I -- I met with*

---

[1] Plaintiff's counsel confirmed the claim consultants identity at p. 54-55 of **Exhibit A**.

*a claim consultant.  And he -- he's over auto claims for the West Virginia jurisdiction, which auto claims it would include RV claims similar to Ms. Vanover's.*"

Mr. Platt further testified that his section manager could reach out to Mr. Roman "for questions regarding claims and things like that." ***Id***. at p. 26, lines 5-15.  In fact, Mr. Platt specifically indicated that Mr. Roman was "*leveraged because of – because the suit, because in preparation for the deposition, because some of the questions and the way they were worded to see if he had knowledge of some of the topics in this – in this claim or in this suit*." ***Id***. at p. 27, lines 4-15.

In light of the foregoing, Kevin Roman possesses unique, firsthand knowledge relevant to specific issues integral to the plaintiff's case, including matters identified in the plaintiff's 30(b)(6) notice and the manner in which State Farm handles RV claims and similar auto claims in West Virginia.

Moreover, it is well settled that "[a] witness ordinarily cannot escape examination by denying knowledge of any relevant facts, since the party seeking to take the deposition is entitled to test the witness's lack of knowledge." In re C. R. Bard, Inc. Pelvic Repair Sys. Prod. Liab. Litig., No. MDL 2187, 2014 WL 12703776, at *4 (S.D.W. Va. June 30, 2014)(citing, *Performance Sales & Marketing LLC*, 2012 WL 4061680, at *4.).

Ultimately, the defendant is attempting to control the manner in which the plaintiff conducts discovery.  This is impermissible.

Publicly available information regarding the role of the job of "claim consultant" at State Farm supports that this position is relevant to State Farm's general business practice.  Specifically, on the social media website Linkedin, other State Farm employees with the job title "claim

consultant" provide documentary evidence which supports the relevance of the requested deposition.

Some explanations of the job "Claim Consultant" are simple. For example, Claim Consultant Ronny Bryant states, "I help others understand our strategies and how to align their contributions for optimal impact." Later Ronny Bryant's profile indicates the Claim Consultant's job is "[h]elping claim teams provide remarkable service." **Exhibit B.** Claim Consultant Don Lusk states that he is the Claim Consultant for State Farm's Pacific Northwest Zone where he assists State Farm's "associates in managing complex property and casualty litigation in the states of Nebraska, Iowa, Wisconsin, Minnesota, Montana, North & South Dakota, Washington, Idaho, Oregon, Montana and Hawaii." **Exhibit C**.

Other descriptions of the job of "Claim Consultant" are more detailed. Melissa Christine Morales documents on her public linkedin profile that she "lead[s] oversight, philosophy, and standards efforts for the claims organization." **Exhibit D.** Nicki Millan indicates that she "Analyze(s) claim trends such as frequency and severity using data from various resources and provide strategic solutions that impact the trends to align with organizational goals." **Exhibit E**.

Insofar as Mr. Roman is the "Claim Consultant" over auto claims for the West Virginia jurisdiction and that would include RV claims similar to Ms. Vanover, his testimony is relevant and proportionate to the needs of the case as the plaintiff is required to demonstrate State Farm's general business practice of unfair claim settlement practices. **Exhibit A at p. 22-27**; *Dodrill v. Nationwide Mut. Ins. Co.*, 201 W. Va. 1, 13, 491 S.E.2d 1, 13 (1996)("[T]o maintain a private action based upon alleged violations of W.Va. code § 33–11–4(9) in the settlement of a single insurance claim, the evidence should establish that the conduct in question constitutes more than a single violation of W.Va. code § 33–11–4(9), that the violations arise from separate, discrete acts

or omissions in the claim settlement, and that they arise from a habit, custom, usage, or business policy of the insurer, so that, viewing the conduct as a whole, the finder of fact is able to conclude that the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a 'general business practice' and can be distinguished by fair minds from an isolated event.").

State Farm is apparently under the misimpression that the plaintiff is not permitted to do anything with the information it acquired during the 30(b)(6) deposition regarding the sources of information.  This information is discoverable and actionable.[2]

### III.    State Farm neglects to provide any evidence, affidavit or proof of it counsel's claims in its Motion for Protective Order.

State Farm's motion is unsupported by affidavit or evidence. The party seeking a protective order must establish good cause for the order with adequate proof, not bare allegations, speculation, or the conclusory statements of counsel. *See*, *e.g.*, *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) ("Good cause is established when it is specifically demonstrated that disclosure will cause a clearly defined and serious injury. Broad allegations of harm, unsubstantiated by specific examples, however, will not suffice."); s*ee also Parsons*, 85 F.R.D. at 726.  Conclusory allegations of harm are insufficient to support a request for a protective order. *See, e.g.*, *Grundberg v. Upjohn Co.*, 137 F.R.D. 372, 389 (D. Utah 1991).

Obviously, a request for a protective order should be denied if the movant does not supply competent proof to support the request. *See, e.g.*, *Reliance Ins. Co. v. Barron's*, 428 F. Supp. 200, 203 (S.D.N.Y. 1977) ("hearsay allegations of an attorney's affidavit are insufficient to warrant

---

[2] In fact, the 2015 Federal Rules Committee explained that the identification of sources of information is so clearly discoverable and obvious that it was unnecessary to include in the language of the amended Rule because "[d]iscovery of such matters is so deeply entrenched in practice that it is no longer necessary to clutter the long text of Rule 26 with these examples." Fed., R. Civ. P. 26(b)(1) Advisory Committee's Note to 2015 Amendment.

issuance of a protective order"); *Rosenblatt v. Nw. Airlines, Inc.*, 54 F.R.D. 21, 23 (S.D.N.Y. 1971) (For example, "[i]t is well- established that an attorney's affidavit which merely alleges that discovery will reveal even true secret formulae or trade secrets is insufficient to warrant a protective order.").

### IV.    Defense counsel's arguments are not proof.

"It is axiomatic that the allegations set forth in a pleading are not evidence, and any suggestion that these unsubstantiated allegations should be deemed to create a disputed issue of fact in this case should be rejected." *Chickilly v. Panther Valley Sch. Dist.*, No. 3:14-CV-2173, 2016 WL 7015712, at *2 (M.D. Pa. Sept. 21, 2016), *report and recommendation adopted*, No. 3:14-CV-2173, 2016 WL 7015652 (M.D. Pa. Nov. 30, 2016)(citing, *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249 (1986); and *Williams v. Borough of Westchester*, 891 F.2d 458, 460 (3d Cir. 1989)).

The defendant is not permitted to prohibit a deposition of a relevant witness by relying upon counsel's unsubstantiated claims that the requested deposition is duplicative. *Ierardi v. Lorillard, Inc.*, No. CIV. A. 90-7049, 1991 WL 158911, at *2 (E.D. Pa. Aug. 13, 1991) )("the court does not find defendant's unsubstantiated belief that plaintiffs will not discover new information to merit the imposition of a protective order.")(citing, *See Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,* 93 F.R.D. 62, 65 (D.P.R.1981)).

### V.    Defendant's proportionality arguments are unsupported by proof.

To prevail on the grounds of burdensomeness, oppression, or breadth, the opposing party must do more to carry its burden than simply make conclusory and unsubstantiated arguments. *Sheppheard v. Just.*, No. 5:23-CV-00530, 2024 WL 3166065, at *10 (S.D.W. Va. June 25, 2024)(citing, *Convertino v. United States Department of Justice*, 565 F. Supp.2d 10, 14 (D.D.C.

2008) (the court will only consider an unduly burdensome objection when the objecting party demonstrates how discovery is overly broad, burdensome, and oppressive by submitting affidavits or other evidence revealing the nature of the burden); *Cory v. Aztec Steel Building, Inc.*, 225 F.R.D. 667, 672 (D. Kan. 2005) (the party opposing discovery on the ground of burdensomeness must submit detailed facts regarding the anticipated time and expense involved in responding to the discovery which justifies the objection); *Bank of Mongolia v. M & P Global Financial Services, Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) ("A party objecting must explain the specific and particular way in which a request is vague, overly broad, or unduly burdensome. In addition, claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome")).

Merely stating that a deposition is not proportional to the needs of the case, or suggesting that preparing the witness would be "burdensome," or accusing the plaintiff of going on a "fishing expedition" are not meritorious objections.  "[T[he deposition-discovery rules are to be accorded a broad and liberal treatment. No longer can the time-honored cry of 'fishing expedition' serve to preclude a party from inquiring into the facts underlying his opponent's case." *Hickman v. Taylor*, 329 U.S. 495, 507, 67 S.Ct. 385, 91 L.Ed. 451 (1947) (stating that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.").

Rather the objecting party must show specifically how the discovery requested regarding defendant's general business practice is burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *St. Paul Reinsurance Co., Ltd. V. Com. Fin. Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000)(quoting *Oleson v. Kmart Corp.*, 175 F.R.D. 560, 565 (D. Kan. 1997)); see also *Consumer Elecs. Ass'n v. Compras & Buys Magazine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *2 (S.D. Fla. Sept. 18, 2008)(citing, *Josephs v. Harris Corp.*,

677 F.2d 985, 992 (3d Cir. 1982)); *Cain v. City of Detroit*, No. 20-CV-11099, 2022 WL 3337135 at \*3(E.D. Mich. Apr. 22 2022)(quoting *Cratty v. City of Wyandottte*, 296 F. Supp. 3d 854, 859 (E.D. Mich. 2017)).

**WHEREFORE** based upon the forgoing, the plaintiff respectfully requests that this Honorable Court DENY defendant State Farm Mutual Automobile Insurance Company's Motion for Protective Order prohibiting the deposition of Kevin Roman.

**TERRY VANOVER,**
**By Counsel,**

/s__*George N. Sidiropolis*_____
George N. Sidiropolis, Esq. (WV State Bar # 10391)
**FLANIGAN LEGAL, PLLC**
1140 Main Street, 4th Floor
Wheeling, WV 26003
Phone: (304) 233-7766
george@flaniganlegal.com

Kimball Jones, Esq. (pro hac vice)
**BIGHORN LAW**
3675 W. Cheyenne Ace., Suite 100
North Las Vegas, Nevada 89032

L. Lee Javins, Esq. (WV State Bar # 6613)
**BAILEY JAVINS & CARTER LC**
213 Hale Street
Charleston, West Virginia 25301
Telephone: (304) 345-0346
Facsimile: (304) 345-0375
ljavins@bjc4u.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| **TERRY VANOVER,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 5:23-cv-00802** |
| | * | **Honorable Frank W. Volk** |
| **STATE FARM MUTUAL** | * | |
| **AUTOMOBILE INSURANCE** | * | |
| **COMPANY and** | * | |
| **BODYSHOPBIDS, INC.,** | * | |
| **d/b/a SNAPSHEET, INC.,** | * | |
| | * | |
| **Defendants.** | * | |

---

## CERTIFICATE OF SERVICE

---

I hereby certify that on the 18th day of March, 2025, the foregoing ***RESPONSE IN OPPOSITION TO STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER PROHIBITING DEPOSITOIN OF KEVIN ROMAN*** was electronically filed using the CM/ECF System which will send notification of such filing to the following:

Melvin F. O'Brien, Esq.
Michelle D. Baldwin, Esq.
Dickie, McCamey & Chilcote, L.C.
2001 Main Street, Suite 501
Wheeling, WV 26003
*Counsel for Bodyshopbids, Inc. d/b/a
Snapsheet, Inc.*

Jill Cranston Rice
Alex M. Greenberg, Esq.
Lauren E. Motes, Esq.
Disnmore & Shohl, LLP
215 Don Knotts Boulevard, Suite 310
Morgantown, WV 26501
*Counsel for State Farm Mutual
Automobile Insurance Company*

/s  *George N. Sidiropolis*
George N. Sidiropolis, Esq. (WV State Bar # 10391)
**FLANIGAN LEGAL, PLLC**
1140 Main Street, 4th Floor
Wheeling, WV 26003
Phone: (304) 233-7766
george@flaniganlegal.com

Kimball Jones, Esq. (pro hac vice)
**BIGHORN LAW**
3675 W. Cheyenne Ave., Suite 100
North Las Vegas, Nevada 89032

L. Lee Javins, Esq. (WV State Bar # 6613)
**BAILEY JAVINS & CARTER LC**
213 Hale Street
Charleston, West Virginia 25301
Telephone: (304) 345-0346
Facsimile: (304) 345-0375
ljavins@bjc4u.com