IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

TERRY VANOVER,

        Plaintiff,

vs.                                          Civil Action No. 5:23-cv-00802

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, *ET AL.*,

        Defendants.

## ORDER

On this day, the parties appeared before the undersigned concerning the Plaintiff's ***Motion to Compel Full and Complete Answers to Plaintiff's First Interrogatories and Requests for Production from Defendant Bodyshopbids, Inc., d/b/a/ Snapsheet, Inc.*** (ECF No. 89), the Plaintiff's ***Second Motion to Compel Full and Complete Answers to Plaintiff's First Interrogatories and Requests for Production from Defendant State Farm Mutual Automobile Insurance Company*** (ECF No. 90), and ***State Farm Mutual Automobile Insurance Company's Motion for Protective Order Prohibiting Deposition of Kevin Roman*** (ECF No. 145).

As an initial matter, the parties announced to the Court that the issues raised in the Plaintiff's Motion as it relates to Defendant Bodyshipbids have been resolved between the parties. Accordingly, the ***Motion to Compel Full and Complete Answers to Plaintiff's First Interrogatories and Requests for Production from Defendant Bodyshopbids, Inc., d/b/a/ Snapsheet, Inc.*** (ECF No. 89) is **MOOT** and the Clerk is requested to **TERMINATE** same.

Regarding the other discovery matters raised in the Plaintiff's Second Motion to Compel, the Plaintiff and Defendant State Farm represented that there is an outstanding issue that the parties were unable to resolve, but are agreeable to *in camera* review of the withheld discovery materials.

Defendant State Farm will email the materials directly to the undersigned and his law clerk forthwith.

Regarding *State Farm Mutual Automobile Insurance Company's Motion for Protective Order Prohibiting Deposition of Kevin Roman* (ECF No. 145), Defendant State Farm contends that deposing Mr. Roman would be unreasonably duplicative and cumulative, as the topics the Plaintiff intends to inquire of him were already addressed during a ten-hour deposition of State Farm's 30(b)(6) witness. Mr. Roman is one of twenty individuals who assisted in preparing the 30(b)(6) deponent – it is unreasonable to depose a witness who prepared another witness. Mr. Roman did not handle the Plaintiff's claim and is not within her claim file.

In response, the Plaintiff points out that protective orders are sparingly used, given a court's reluctance to rein in discovery unless a party seeking a protective order can demonstrate good cause for same, and not merely relying on generalized statements opposing discovery. The Plaintiff argues that deposing Mr. Roman is relevant for purposes of this action, and his deposition is proportional to the needs of this case, as his testimony may establish Defendant State Farm's general business practice in handling claims that has been alleged in this litigation. Mr. Roman is a claim consultant for Defendant State Farm who handles auto claims for the West Virginia jurisdiction which includes RV claims similar to the Plaintiff's claim. Therefore, Mr. Roman has first-hand knowledge as to the general business practice of Defendant State Farm as it relates to claims handling practices for comparable auto RV claims in West Virginia. Further, simply because the Plaintiff already deposed Defendant State Farm's 30(b)(6) witness does not foreclose the Plaintiff from further exploring certain topic areas with Mr. Roman.

Pursuant to Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure, a court is required,

on motion or on its own, to limit the frequency and extent of discovery, when:

(1) the discovery sought is unreasonably cumulative or duplicative;

(2) the discovery can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(3) the party seeking the discovery has already had ample opportunity to collect the requested information by discovery in the action; or

(4) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Thus, "[r]elevance is . . . the foundation for any request for production, regardless of the individual to whom a request is made." Cook v. Howard, 484 Fed.Appx. 802, 812 (4th Cir. 2012). This Rule "cautions that all permissible discovery must be measured against the yardstick of proportionality." Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 355 (D. Md. 2012) (quoting Victor Stanley, Inc. v. Creative Pipe, Inc., 269 F.R.D. 497, 523 (D. Md. 2010)). "[I]t remains true that 'relevancy in discovery is broader than relevancy for purposes of admissibility at trial.' " In re: American Medical Systems, Inc. Pelvic Repair Systems Product Liability Litigation, Nos. 2:14-cv-11870, 2:14-cv-28142, 2016 WL 4411506, at *2 (S.D.W. Va. Aug. 17, 2016) (Eifert, M.J.) (quoting Amick v. Ohio Power Co., No. 2:13-cv-6593, 2013 WL 6670238, at *1 (S.D.W. Va. Dec. 18, 2013)).

3

Given the prevailing jurisprudence on discovery matters, the undersigned finds that State Farm's Motion must be denied. While State Farm argues the Plaintiff's proposed areas of inquiry involve issues previously asked of its corporate representative, as the Plaintiff has pointed out, the questions to be asked of Mr. Roman concern claims handling for claims similar to the Plaintiff's. There is not "unreasonably cumulative or duplicative" cautioned by the Federal Rules of Civil Procedure that justifies protective relief. Moreover, State Farm has not carried its burden of persuasion that the Plaintiff's proposed areas of inquiry are irrelevant or not proportional to the needs of this case. The Plaintiffs should be permitted the latitude to explore the proposed topics of inquiry, as Mr. Roman may have knowledge of same, and testify so, and to the extent he does not, testify accordingly.

While the Court notes that the Plaintiff is at risk of duplicating testimonial evidence after having deposed Defendant State Farm's 30(b)(6) for several hours, Defendant State Farm's counsel was unable to confirm that Mr. Roman would *not* have first-hand knowledge of the Plaintiff's claim, or be familiar with how it was handled. At bottom, Mr. Roman prepared the 30(b)(6) deponent with respect to questions regarding claims handling similar to the Plaintiff's in West Virginia, and pertain to the Plaintiff's allegation concerning generalized business practices by this Defendant to this extent. However, in the interests of preventing another marathon deposition session, the Court **ORDERS** that the deposition of Mr. Roman shall not exceed two (2) hours. In addition, to further protect any proprietary business interests that may be disclosed during Mr. Roman's deposition, the Court **ORDERS** that the deposition, including the transcript from the deposition, are subject to confidentiality and shall not be disclosed, published, or shared outside this litigation, in accordance with the **Agreed Protective Order** (ECF No. 76).

4

Accordingly, *State Farm Mutual Automobile Insurance Company's Motion for Protective Order Prohibiting Deposition of Kevin Roman* (ECF No. 145) is hereby **DENIED**. Defendant State Farm's objection is noted for the record.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties may contest the ruling set forth above on this non-dispositive Motion by filing its objections to same within 14 days with District Judge Frank W. Volk. If objections are filed, the District Judge will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is hereby directed to transmit a copy of this Order to counsel of record.

ENTER: March 20, 2025



Omar J. Aboulhosn
United States Magistrate Judge

5