IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

**TERRY VANOVER,**

      **Plaintiff,**

v.　　　　　　　　　　　　　　　　　　　　　　　Civil Action No.: 5:23-cv-00802
　　　　　　　　　　　　　　　　　　　　　　　　　Honorable Frank W. Volk

**STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY and
BODYSHOPBIDS, INC.
d/b/a SNAPSHEET, INC.,**

      **Defendants.**

**DEFENDANT STATE FARM'S MOTION TO STRIKE
PLAINTIFF'S UNTIMELY MEMORANDUM IN OPPOSITION TO
STATE FARM'S MOTION FOR SUMMARY JUDGMENT**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), by counsel, respectfully moves to strike *Plaintiff's Memorandum of Law in Opposition to State Farm's Motion for Summary Judgment* ("Plaintiff's Response" or the "Response") (ECF No. 169), filed on April 28, 2025, because it is untimely. Pursuant to the Court's Scheduling Order (ECF No. 72) and Local Rule of Civil Procedure 7.1, responses to dispositive motions were due on or before **April 21, 2025**. Plaintiff filed her Response seven (7) days late **without seeking leave of this Court** and without demonstrating good cause or excusable neglect. In light of this Court's precedent, this is improper, and the Response should be stricken.

**I. PROCEDURAL BACKGROUND**

This lawsuit was filed on December 20, 2023. ECF No. 1. Pursuant to this Court's August 6, 2024 Order (ECF No. 56), Plaintiff filed an Amended Complaint on August 16, 2024. ECF No. 57. This Court entered an amended scheduling order on October 16, 2024, which, in pertinent part, provides:

Pursuant to *Federal Rule of Civil Procedure* 16(b) and *Local Rule of Civil Procedure* 16.1(e), it is accordingly **ORDERED** that this case shall proceed as follows:

| | |
|---|---|
| Dispositive motions deadline | 04/07/2025 |
| Response to dispositive motion | 04/21/2025 |
| Reply to response to dispositive motion | 04/28/2025 |

ECF No. 72.

The parties subsequently engaged in discovery. Consistent with the parties' stipulation and the Court's February 18, 2025 Order, which provided that all discovery had to be "completed prior to the dispositive motions deadlines," discovery was completed on April 1, 2025. ECF No. 91.

Shortly after the completion of discovery, and consistent with the Scheduling Order, State Farm filed its *Motion for Summary Judgment* and *Memorandum of Law in Support* on April 7, 2025. ECF Nos. 161-162. Pursuant to the Scheduling Order and the Local Rules of Civil Procedure, Plaintiff's Response Brief was due 14 days after State Farm filed its Motion. However, Plaintiff filed her Response 21 days later, on April 28, 2025.[1] ECF No. 169. Because this is improper and inconsistent with the Rules and this Court's Order, State Farm now moves to strike Plaintiff's Response.

## II. ARGUMENT

Plaintiff's Response was filed seven days after the deadline established by this Court in its Scheduling Order and as provided for in the Local Rules. ECF No. 72; L. R. Civ. P. 7.1(a)(7). The Scheduling Order entered by the Court on October 16, 2024, unequivocally establishes an April 21, 2025 deadline for all responses to dispositive motions. ECF No. 72. Local Rule 7.1(a) reinforces this deadline:

---

[1] Plaintiff also filed her *Motion to File Exhibits to Plaintiff's Memorandum of Law in Opposition to State Farm's Motion for Summary Judgment Under Seal* (ECF No. 173) on April 28, 2025.

2

> (7) Filing Deadlines for Response and Reply Memoranda. **Memoranda and other materials in response to motions shall be filed and served on opposing counsel and unrepresented parties within 14 days from the date of service of the motion.** Any reply memoranda shall be filed and served on opposing counsel and unrepresented parties within 7 days from the date of service of the memorandum in response to the motion. Surreply memoranda shall not be filed except by leave of court. These times for serving memoranda may be modified by the judicial officer to whom the motion is addressed.

L. R. Civ. P. 7.1(a)(7) (emphasis added).

Accordingly, Plaintiff's Response should be stricken because the late filing violates this Court's Scheduling Order and Local Rule 7.1(a). Plaintiff did not and cannot show the untimely filing is the result of good cause or excusable neglect. These are high burdens for a litigant who seeks to submit a filing outside of the time permitted. *See* Fed. R. Civ. P. 6. Further, allowing the late filing would prejudice State Farm at this juncture.

### A.  Plaintiff's Response was filed without leave of Court, which is improper and justifies striking the non-compliant filing.

Procedurally, a party must seek leave of Court before submitting an untimely filing;[2] Plaintiff did not do so here. This is a sufficient reason to strike Plaintiff's Response.

This Court has demonstrated a consistent adherence to the expectation that parties comply with deadlines by striking responsive pleadings in situations like this one. *See, e.g.*, *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:13-CV-19979, 2018 U.S. Dist. LEXIS 887, at *2 (S.D. W. Va. Jan. 3, 2018) (striking a tardy response which failed to address its untimely filing); *Honaker v. Town of Sophia*, No. 5:15-CV-03483, 2015 U.S. Dist. LEXIS 102230, at *2 (S.D. W. Va. Aug. 5, 2015) (striking plaintiff's memorandum in opposition to defendants' motion to dismiss

---

[2] Fed. R. Civ. P. 6(b)(1)(B) (allowing an extension after time has expired only "on motion" if the litigant can demonstrate good cause and excusable neglect).

because parties cannot "set their own deadlines according to their own logic and convenience"); *Pearson v. Prichard's Excavating & Mobile Home Transp.*, No. 3:13-CV-19629, 2014 U.S. Dist. LEXIS 16089, at *1 n.5 (S.D. W. Va. Feb. 10, 2014) (granting a motion to strike in accordance with Rule 6(b) because "[d]efendant made no [] motion and has not even attempted to argue that its delay in filing the Response is due to excusable neglect"); *Watson v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 5:13-CV-01939, 2013 U.S. Dist. LEXIS 67472, at *2 (S.D. W. Va. May 13, 2013) (striking an untimely response brief because plaintiff did not seek leave of court or show good cause or excusable neglect); *United States Protection Corp. v. Lowe*, 354 F. Supp. 2d 651, 653 (S.D. W. Va. 2005) (striking an untimely filed reply memorandum); *Metheney v. Monarch Rubber Co.*, 43 F. Supp. 2d 588, n.1 (S.D. W. Va. 1999) (striking plaintiff's untimely response).

Given this precedent and the undisputed fact the Response was filed without leave of Court after the expiration of the deadline, Plaintiff's Response should be stricken in its entirety.

### B. Plaintiff has not demonstrated good cause or excusable neglect, and an extension would be inappropriate and prejudicial.

As an additional basis to strike Plaintiff's Response, Plaintiff did not assert any statement of good cause, excusable neglect, or other explanation to support the untimely submission. A Court may only extend a deadline after its expiration upon motion for "good cause" shown *and* where the party's failure to act timely was the result of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). Both of these precursors establish a high bar for a party who failed to comply with Court deadlines. *Stratford v. Brown*, No. 2:17-CV-03963, 2018 U.S. Dist. LEXIS 164986, at *2 (S.D. W. Va. Sept. 26, 2018). Indeed, in the context of modifying a scheduling order, "good cause is lacking if the movant has not acted diligently to comply with the schedule." *Id.* (other

4

citations omitted). Similarly, "'excusable neglect'[3] is not easily demonstrated, nor was it intended to be." *Id.* (quoting *Thompson v. E.I. DuPont Nemours & Co., Inc.*, 76 F.3d 530, 534 (4th Cir. 1996)).

There is no evidence of good cause or excusable neglect in this case, and Plaintiff made no effort to provide any statement of good cause, excusable neglect, or other explanation to support her untimely submission. Indeed, she made no effort whatsoever, either before or after the expiration of the deadline, to seek leave of the Court to file her untimely Response. Rather, without addressing the issue, Plaintiff artificially extended her Response deadline to **three weeks** after State Farm filed its Motion.[4]

On the other hand, State Farm filed its Motion *less than* 7 days after the close of discovery. Further, the filing of State Farm's motion should have reminded Plaintiff of its Response deadline of 14 days, which is consistent with every party's obligation to file a response to motions within 14 days from the date of service of the motion under this district's local rules. L. R. Civ. P. 7.1(a)(7). Plaintiff cannot show good cause or excusable neglect—particularly given the appearance of *four* different firms on behalf of Plaintiff. Plaintiff's untimely Response and failure to seek leave, coupled with the absence of good cause and excusable neglect, is improper. As such, this Court should strike Plaintiff's Response in accordance with this Court's jurisprudence. *E.g.*, *Gifford v. Burton*, No. 2:21-CV-00669, 2022 U.S. Dist. LEXIS 154037, at *3 (S.D. W. Va. Aug. 26, 2022).

---

[3] The excusable neglect analysis is "at bottom an equitable one, taking into account all relevant circumstances surrounding the party's omission." *Stratford v. Brown*, No. 2:17-CV-03963, 2018 U.S. Dist. LEXIS 164986, at *5 (S.D. W. Va. Sept. 26, 2018). The factor that carries the most significance in the analysis is whether the delay was within the reasonable control of the filing party. *Id.* (other citations omitted).

[4] It appears Plaintiff's counsel was focused on filing a Motion to Amend the pleadings rather than complying with the existing Court-ordered deadlines in furtherance of the case at hand.

Finally, the Court established April 28, 2025—the day Plaintiff's Response was filed—as the deadline for *replies* to responses to dispositive motions. As a result, allowing the late filing would prejudice State Farm by disrupting the schedule adopted in this case last October. The Court, through its Local Rules, its Scheduling Order, and its other Orders in this case, made clear the parties were to meet the established deadlines. In particular, the Defendants worked tirelessly to complete discovery in a timely manner in accordance with this Court's clear directive in its February 18, 2025 Order. ECF No. 108 ("It appears that counsel contemplates taking further discovery, perhaps in the form of expert depositions, following expiration of the discovery deadline. If so, that is a violation of the scheduling order earlier entered by the Court.").

Additionally, consistent with Plaintiff's late filing, the Response also ignores Rule 7.1, Subsection (a)(2) which restricts a memorandum to 20 pages. Plaintiff's Response exceeds this limit, further undermining State Farm's ability to adequately reply within the established parameters of the Rule. State Farm would be prejudiced if the Court permits the late filing of Plaintiff's Response and its non-compliance with the Court's imposed page limitation.

### III. CONCLUSION

Based on the foregoing, and any other reasons apparent to the Court, Defendant State Farm Mutual Automobile Insurance Company respectfully moves to strike *Plaintiff's Memorandum of Law in Opposition to State Farm's Motion for Summary Judgment*, filed after the April 21, 2025 deadline, as untimely.[5] State Farm's *Motion for Summary Judgment* should be considered without any reference or reliance upon Plaintiff's Response.[6] State Farm also requests that the

---

[5] To the extent Plaintiff's Response is not stricken, State Farm respectfully requests that this Court set a deadline for Defendants to file their Replies to Plaintiff's Responses.

[6] *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2:13-CV-19979, 2018 WL 279992, at *2 (S.D. W. Va. Jan. 3, 2018).

corresponding *Plaintiff's Motion to File Exhibits to Plaintiff's Memorandum of Law in Opposition to State Farm's Motion for Summary Judgment Under Seal* (ECF No. 173) be denied as moot and stricken from the record as well.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

**BY DINSMORE & SHOHL LLP**

 /s/ Jill Cranston Rice
Jill Cranston Rice (WV State Bar No. 7421)
Alex M. Greenberg (WV State Bar No. 12061)
Lauren E. Motes (WV State Bar No. 14053)
215 Don Knotts Boulevard, Suite 310
Morgantown, WV 26501
Email: jill.rice@dinsmore.com
Email: alex.greenberg@dinsmore.com
Email: lauren.motes@dinsmore.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**TERRY VANOVER,**

        **Plaintiff,**

v.                                                           Civil Action No.: 5:23-cv-00802
                                                             Honorable Frank W. Volk

**STATE FARM MUTUAL**
**AUTOMOBILE INSURANCE**
**COMPANY and**
**BODYSHOPBIDS, INC.,**
**d/b/a SNAPSHEET, INC.,**

        **Defendants.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing ***Defendant State Farm's Motion to Strike Plaintiff's Untimely Memorandum in Opposition to State Farm's Motion for Summary Judgment*** was filed on April 28, 2025, via the Court's CM/ECF filing system, which provided notice and service on the following:

| | | |
|---|---|---|
| Lee Javins | George N. Sidiropolis | Stephen N. New |
| Bailey Javins & Carter LC | Flanigan Legal PLLC | Stephen New & Associates |
| 213 Hale Street | 1140 Main Street, 4th Floor | 420 Harper Park Drive |
| Charleston, WV 25301 | Wheeling, WV 26003 | P.O. Box 5516 |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* | Beckley, WV 25801 |
| | | *Counsel for Plaintiff* |

| | |
|---|---|
| Melvin F. O'Brien | Kimball Jones |
| Michelle D. Baldwin | Bighorn Law |
| Dickie, McCamey & Chilcote, L.C. | 3675 W. Cheyenne Ave., Suite 100 |
| 2001 Main Street, Suite 501 | North Las Vegas, Nevada 89032 |
| Wheeling, WV 26003 | *Counsel for Plaintiff* |
| *Counsel for Defendant Bodyshopbids, Inc.* | |
| *d/b/a Snapsheet, Inc.* | |

                                                                  */s/ Jill Cranston Rice*
                                                                   Jill Cranston Rice (WV State Bar No. 7421)